UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM F. BURNS

    Petitioner,

v.                                           Civil Case No. 05-72781
                                             Crim. Case No. 03-80516–01

UNITED STATES OF AMERICA,         HONORABLE AVERN COHN

    Respondent.

_____/

**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

I.

This is a case under 28 U.S.C. § 2255. Petitioner William Burns claims that he is incarcerated in violation of his constitutional rights, specifically his right to the effective assistance of counsel. The government says that the motion is untimely and lacks merit. The Court agrees. The reasons follow.

II.

Petitioner was charged, convicted, and sentenced in two separate cases before the Court. Petitioner was first arrested on October 4, 2002 on charges of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 846. Petitioner was released on bond. This is case no. 02-80724. On January 10, 2003, while under indictment and on bond, Petitioner was arrested by Kentucky police for driving a 48 foot tractor trailer containing 416 lbs. (188) kilograms of marijuana. Police also found a loaded .40 caliber handgun inside Petitioner's luggage.

Petitioner was charged in the Western District of Kentucky on five counts of drug and weapons offenses. On May 27, 2003, the case was transferred to this district for plea and sentence. This is case no. 03-80516.

On June 16, 2003, Petitioner pled guilty in case no. 02-80724 under a Rule 11 agreement. On September 15, 2003, Petitioner was sentenced to 37 months incarceration. Also on that date, Petitioner pled guilty as charged in case no. 03-80516 without the benefit of a Rule 11 agreement.

On February 10, 2004, Petitioner was sentenced to an aggregate sentence of 138 months incarceration, to run concurrent with the sentence in case no. 02-80724.

Petitioner did not appeal either conviction.

On July 15, 2005, Petitioner filed the instant motion. Petitioner claims that his counsel was ineffective in agreeing to transfer Petitioner's case in the Western District of Kentucky to this district, failed to conduct a meaningful investigation of his case, and left several "unresolved sentencing errors."

III.

Title 28 U.S.C. §2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under §2255, petitioner must show a "fundamental defect which inherently result[ed] in a complete miscarriage of justice." United States v. Timmreck, 441 U.S. 780, 783 (1979)(quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

IV.

A.

The government first argues that the motion is untimely.  28 U.S.C. § 2241-2266, imposes a one-year limitation that runs from the latest of four events, one of which is the date on which the judgment of conviction becomes "final."  The Court of Appeals for the Sixth Circuit has held that "an unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations..." Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004).

Here, the judgment was entered on February 17, 2004.  Because Petitioner did not appeal, his conviction became final, for purposes of § 2255 on March 2, 2004, ten days later, excluding weekends and holidays.  See Fed. R. App. P. § 4(b)(1)(A); § 26(a)(2).  Thus, Petitioner had one year, or until March 2, 2005, to file a § 2255 motion. Petitioner did not file his motion until July 15, 2004 - well beyond the statute of limitations.  Thus, the motion must be dismissed as barred by the statute of limitations.

B.

1.

The government also argues that even if the motion was timely filed, it fails for lack of merit.  Petitioner claims ineffective assistance of counsel in permitting the case to be transferred from the Western District of Kentucky to this district as well as several sentencing guidelines scoring errors.

2.

To establish his ineffective assistance of counsel claim in the context of a guilty plea, Petitioner must first "show that counsel's representation fell below an objective

standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Next he must "establish that there is a reasonable probability that, but for the incompetence of counsel, he would have accepted the ... offer and pled guilty." Turner v. State, 858 F.2d 1201, 1206 (6th Cir. 1988), vacated on other grounds, 492 U.S. 901 (1989); see Hill v. Lockhart, 474 U.S. 52, 57 (1985). Petitioner must show this by objective evidence. See Turner, 858 F.2d at 1206; Hill, 474 U.S. at 59-60. Then, the government may show by "clear and convincing evidence that the trial court would not have approved the plea arrangement." Turner, 858 F.2d at 1209. If Petitioner were to establish the bases for showing ineffective assistance of counsel, the remedy for such violation would then have to be considered, including whether a new trial should be ordered. See id. at 1207-09. "The burden is on [Petitioner] to show that the government made him a specific plea bargain that he was ready to accept had he received effective assistance of counsel." Dalbelko v. United States, 2000 WL 571957 (6th Cir. May 3, 2000) (unpublished) * *3. See also United States v. Dabelko, 154 F. Supp. 2d 1156 (N.D. Ohio 2000).

Petitioner cannot make such a showing. Petitioner does not explain how his counsel's agreement to have the case transferred to this district was ineffective nor does he describe what prejudice resulted. He does not allege that he would have preferred to go to trial or that his sentence would have been lower had the case remained in Kentucky. Moreover, as fully explained by the government, although not obligated to do so, the Court sentenced Petitioner to concurrent sentences. The Court also gave Petitioner the benefit of a three level reduction for acceptance of responsibility, which the probation department did not recommend, and sentenced

Petitioner to the low end of the guidelines.  Additionally, while Petitioner also alleges that his counsel was ineffective for failing to adequately investigate the case, he does not explain what investigation was lacking or that he would have gone to trial instead of pleading guilty.

3.

Petitioner also claims several errors in sentencing, although he does not articulate the alleged errors.  In any event, sentencing guideline issues generally cannot be considered in a § 2255 motion as they do not raise constitutional issues.  See Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

V.

For all the reasons stated above, the motion under § 2255 is DENIED.  All pending motions are DENIED AS MOOT.

SO ORDERED.


Dated:  August 16, 2005
        s/Avern Cohn
        AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, August 16, 2005, by electronic and/or ordinary mail.

        s/Julie Owens
Case Manager, (313) 234-5160